MURPHY, Circuit Judge,
concurring in part and concurring in the result.
I concur in the majority opinion with the exception of section I.A. As to that section, I concur only in the result. In resolving Walker’s procedural competency claim, the majority relies heavily on McGregor v. Gibson, 219 F.3d 1245, 1250-52 (10th Cir.2000).[1] I continue to adhere to the view that McGregor was wrongly decided. See id. at 1257-63 (Murphy, J., dissenting). In particular, I believe the majority' in McGregor improperly compartmentalized each of the factors bearing upon the question of bona fide doubt, analyzing only whether each individual factor, considered in isolation, created a bona fide doubt as to competency. More importantly, the McGregor majority significantly undervalued the repeated, serious statements of trial counsel, made in open court, that McGregor was unable to assist in his own defense or grasp the seriousness of the proceedings. Because McGregor sets the tone for the majority’s resolution of Walker’s procedural competency claim, I cannot join section I.A. of the majority opinion.
I concur, however, with the majority that Walker has not stated a viable procedural competency claim. Rather than recapitulating the factors set out in the majority opinion, I simply note that viewing all that occurred at trial holistically, it cannot be said that the trial judge ignored facts which, viewed objectively, raise a bona fide doubt as to Walker’s competency to stand trial. See Walker v. Attorney General, 167 F.3d 1339, 1343-45 (10th Cir.1999). In particular, Walker’s attorney specifically disavowed any question as to Walker’s competency at trial; although Walker does have a history of mental illness, there was no medical testimony that should have placed the trial judge on notice that a competency question existed; there were no instances of bizarre or irrational behavior that should have caused the trial judge to question Walker’s competency; and, although Walker was taking psychotropic medication at the time of trial, there is no indication that the dosage changed during the trial or that Walker was receiving his medication irregularly. Accordingly, I concur in the majority opinion except as to section I.A. and concur in the judgment.

. As noted in the majority opinion, McGregor will be reheard en banc.